IN THE UNITED STATES DISTRICT COURT
FOR THE FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| LYNN HENDERSON, KRISTINA KULON, B. DAVID MORBY, JASON ROBINSON, KEVIN MORRIS, and JOHN LEET, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VOLVO CARS OF NORTH AMERICA, LLC, and VOLVO CAR CORPORATION,<br><br>Defendants. | No. 2:09-cv-04146-CCC-JAD |

**ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR FINAL APPROVAL,
ENTERING JUDGMENT REGARDING SETTLEMENT,
AND DISMISSING THIS ACTION WITH PREJUDICE**

**WHEREAS**, this matter has come before the Court pursuant to Plaintiffs' Unopposed Motion for an Order Granting Final Approval of Class Action Settlement and Certifying a Settlement Class (the "Motion");

**WHEREAS**, the Court finds that it has jurisdiction over this Action.[1]

**WHEREAS**, on June 22, 2012, this Court granted Plaintiffs' Unopposed Motion for Preliminarily Approval of the Settlement Agreement

---

[1] Capitalized terms herein have the meaning as specified in the Settlement Agreement.

1

and Provisional Class Certification (the "Preliminary Approval Order");

**WHEREAS**, the Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes only;

**WHEREAS**, the Court has held a hearing on October 4, 2012 to consider the fairness, reasonableness and adequacy of the Settlement Stipulation, has been advised of all objections to the Settlement and has given fair consideration to such objections;

**WHEREAS**, the Court has considered the Motion, the Stipulation of Class Action Settlement, and the exhibits thereto (the "Settlement Stipulation" or the "Settlement"), and objections to the proposed Settlement; and

**WHEREAS**, the Court is otherwise fully advised in the premises and has considered the record of these proceedings, the representations, arguments, and recommendation of counsel for the parties, and the requirements of law.

**IT IS HEREBY ORDERED THAT:**

### I. FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

The terms of the Settlement Stipulation are approved. The Settlement is in all respects fair, reasonable, adequate and proper, and in the best interest of the Class. In reaching this conclusion, the Court has considered a

number of factors, including an assessment of the likelihood that Plaintiffs would prevail at trial; the range of possible recovery available to such Plaintiffs; the consideration provided to Settlement Class Members pursuant to the Settlement Stipulation as compared to the range of possible recovery discounted for the inherent risks of litigation; the complexity, expense and possible duration of such litigation in the absence of a settlement; the nature and extent of any objections to the Settlement; and the stage of proceedings at which the Settlement was reached.

The proposed Settlement was entered into by experienced counsel and only after extensive arms-length negotiations, including through mediation supervised by an experienced mediator. The proposed Settlement is not the result of collusion. The proposed Settlement was entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Settlement Class. Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Stipulation.

## II. CLASS CERTIFICATION FOR SETTLEMENT PURPOSES
### A. CERTIFICATION OF SETTLEMENT CLASS

Consistent with its Preliminary Approval Order, the Court hereby grants class certification of the following settlement class for purposes of

final approval:

>All current and former owners and lessees of model years 2003-2005 Volvo XC90 T6 Vehicles. Excluded from the Settlement Class are Defendants,[2] Defendants' employees, officers and directors, and the Judge(s) to whom this Action is or has been assigned.

### B. Rule 23(a)

With respect to the proposed Settlement Class as set forth in the Settlement Stipulation, this Court has determined that, for purposes of settlement of the Action only, Plaintiffs have satisfied each of the Rule 23(a) Prerequisites:

1. The Class Members are so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

2. There are questions of law or fact common to the Settlement Class. Fed. R. Civ. P. 23(a)(2). Common questions of law or fact include: (1) whether the Class Vehicles[3] were subject to a common design defect; (2) whether Volvo failed to adequately disclose material facts

---

[2] As defined in the Settlement Agreement, the Defendants are Volvo Cars of North America, LLC and Volvo Car Corporation, as well as their predecessors, successors, parent companies, subsidiaries, affiliate companies, assigns, directors, officers, agents, attorneys, representatives and employees.

[3] As defined in the settlement agreement, the Class Vehicles are all model years 2003-2005 Volvo XC90 T6 vehicles that were sold or leased in the United States.

related to the Class Vehicles prior to sale; (3) whether Volvo's conduct was unlawful; and (4) how any resulting monetary damages to consumers should be calculated.

3. The claims of the Class Representatives are typical of the claims of the Settlement Class. Fed. R. Civ. P. 23(a)(3). Here, Plaintiffs have alleged that Volvo sold defective products and failed to disclose (or to adequately disclose) material facts to members of the Settlement Class. Plaintiffs assert that there was sufficient uniform treatment by Defendants so that each Class Representative and Settlement Class Member presents (i) the same claim concerning (ii) the same conduct and (iii) seeks the same relief from Defendants. The ability of the parties to achieve a settlement on terms applicable to the entire Settlement Class underscores the finding of typicality.

4. Class Representatives will fairly and adequately protect the interests of the Settlement Class. Fed. R. Civ. P. 23(a)(4). The Class Representatives do not have interests that are antagonistic to the Class and are fully aligned with the interests of other Class Members. Accordingly, the Court finds that Class Representatives have satisfied Rule 23(a) for purposes of evaluating this Settlement.

### C. Rule 23(b)(3).

With respect to the Settlement as contained in the Settlement Stipulation, the Court also "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Here, Settlement Class Members share a common legal grievance arising from Volvo's alleged failure to disclose or adequately disclose material facts related to the Class Vehicles to any of the class members and the sale of what Plaintiffs identify as defective products. Common legal and factual questions are central to all Class Members' claims and predominate over any individual questions that may exist for purposes of this Settlement, and the fact that the Parties are able to resolve the case on terms applicable to all Settlement Class Members underscores the predomination of common legal and factual questions for purposes of this Settlement. In concluding that Settlement Class should be certified pursuant to Rule 23(b)(3) for settlement purposes, the Court further finds that a class action is superior for purposes of resolving these claims because individual class members have not shown any interest in individually controlling the prosecution of separate actions. Moreover, the cost of litigation far out paces the individual

recovery available to any Plaintiffs. *See* Fed. R. Civ. P. 23(b)(3)(A). Accordingly, the Court finds that, for purposes of this Settlement, Rule 23(b)(3) has also been satisfied.

### III. NOTICE

The Court finds that the Notice Program (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was the best practicable notice under the circumstances; (iii) reasonably apprised Settlement Class Members of the pendency of the action and their right to object to the proposed Settlement or opt out of the Settlement Class; and (iv) was reasonable and constituted due, adequate and sufficient notice to all those entitled to receive notice. Additionally, the Class Notice adequately informed Class Members of their rights in the Action. *See* Fed. R. Civ. P. 23(c)(2).

### IV. DISMISSAL WITH PREJUDICE

This Court hereby enters a judgment of dismissal, pursuant to FED. R. CIV. P. 54(b), of the claims by the Settlement Class Members, with prejudice and without costs, except as specified herein, and except as may be provided for in the Court's order related to Plaintiffs' unopposed motion for attorneys' fees, expenses and incentive awards. The Clerk of Court is directed to close this docket.

## V. RELEASES AND FURTHER RELIEF

Pursuant to the Settlement Agreement, Defendants are released from any and all claims or causes of action that were, or could have been, asserted by the Plaintiffs or any Class Members against them, regarding the Class Vehicles' transmissions as alleged in the Action and Litigation. Class members will not, however, be releasing any actual or potential claims for personal injuries related to the Class Vehicles.

## VI. OPT-OUTS

A list of those members of the Class who have timely elected to opt-out of the Settlement and the Class, and who therefore are not bound by the Settlement, the provisions of the Settlement Stipulation, and this Order, has been submitted to the Court and is attached at the end of this Order as Exhibit "A." All other members of the Settlement Class (as permanently certified herein) shall be subject to all of the provisions of the Settlement, the provisions of the Settlement Stipulation, and this Order

## VII. CONTINUING JURISDICTION

Without any way affecting the finality of this Order, the Court hereby retains jurisdiction over the Parties to the Settlement Stipulation, including all Settlement Class Members, and Class Counsel to construe and enforce the Settlement Stipulation in accordance with its terms for the mutual benefit

of the Parties. The Court shall also retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the Release. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, orders enjoining Class Members from prosecuting claims that are released pursuant to the Settlement Agreement.

Consistent with the Settlement Agreement, it is further Ordered that Class Members shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against Defendants in any federal or state court in the United States or any other tribunal.

**IT IS SO ORDERED**.

Dated: March 22, 2013

_____
HON. CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## LIST OF EXCLUSIONS

|  | Name & Address | Model | VIN Number |
|---|---|---|---|
| 1. | Jose Ameriso<br>1364 Justin Avenue<br>Glendale, California  91201 | 2003 XC90 T6 | YV1CZ91H031017255 |
| 2. | Neal Ashby<br>Leigh Borghesani<br>112 West Alexandria Avenue<br>Alexandria, Virginia  22301 | 2004 XC90 | YV1CZ91H741131111 |
| 3. | Julie Borjon<br>Chris Borjon<br>430 Pala Avenue<br>Piedmont, California  94611 | 2004 XC90 T6 | YV1CZ91H941098760 |
| 4. | Kent Boswell<br>7866 Scottsdale Drive<br>Newburgh, Indiana  47630-8996 | 2004 XC90 T6 | YV1CA91H641076831 |
| 5. | Heather G. Boyd<br>P.O. Box 4957<br>Palos Verdes Peninsula, California  90274 | 2004 XC90 T6 | YV1CZ91H741034104 |
| 6. | Karen Lea Boyles<br>3916 Sunset Drive<br>Fort Collins, Colorado  80526 | 2004 XC90 T6 | YV1CZ91H941099178 |
| 7. | James C. Cochran<br>4453 Chimney Springs Court<br>Marietta, Georgia  30062-5731 | 2004 XC90 | YV1CZ91H741128547 |
| 8. | Jesse Coleman<br>Dora C. Coleman<br>1854 W. Begonia Drive<br>Beverly Hills, Florida  34465 | | |
| 9. | Kevin Courtney Curry<br>Melissa Nagem Curry<br>12129 Lake Estate Avenue<br>Baton Rouge, Louisiana  70810 | 2005 XC90 T6 | YV1CZ91151195541 |
| 10. | Kathleen Dirksen<br>17735 Vonore Road<br>Loudon, Tennessee  37774 | 2005 XC90 T6 | YV1CZ911251172590 |

| | | | |
|---|---|---|---|
| 11. | Anton A. Dmitriev<br>Sara M. Gillis<br>701 140th Place, SW<br>Lynnwood, Washington 98087 | 2004 XC90 | YV1CM91H341072105 |
| 12. | Kenneth M. Eckert<br>50 University Drive<br>Fairfield, Connecticut 06824-3931 | 2005 XC90 | YV1CM911051155558 |
| 13. | James A. Eddis III<br>48 Clipper Way<br>Columbia, South Carolina 29229 | 2005 XC90 T6 | YV1CZ911351184229 |
| 14. | Elizabeth Elsner<br>16301 Arena Drive<br>Ramona, California 92065 | 2005 XC90 | YV1CZ911751160192 |
| 15. | Lisa G. Fink<br>72 Sea View Drive<br>Warwick, Rhode Island 02889 | 2004 XC90 T6 | YV1CM91H241047230 |
| 16. | Anthony E. Frey<br>5995 Bull Road<br>Dover, Pennsylvania 17315 | 2003 XC90 T6 | YV1CZ91H431001060 |
| 17. | Garth's Auctions, Inc.<br>P.O. Box 369<br>Delaware, Ohio 43015 | 2008 XC90 | YV4CZ982581457466 |
| 18. | Judith Lynn Gass<br>19 Blessing<br>Irvine, California 92612 | 2005 XC90 | YV1CZ911951190696 |
| 19. | Tracy Taub Gehrt<br>Kevin Edward Gehrt<br>7439 Merion Court<br>Solon, Ohio 44139 | 2004 XC90 | YV1CZ91H941092750 |
| 20. | Kathy Gibson<br>2706 Appleton Court<br>Ft. Collins, Colorado 80525 | 2004 XC90 | YV1CM91H441055913 |
| 21. | Jane P. Gleason<br>150 Carondelet Plaza #2302<br>Saint Louis, Missouri 63105 | 2004 XC90 T6 | YV1CM91H641057212 |
| 22. | Eric Wayne Hilliard<br>3512 Leonard Street<br>Raleigh, North Carolina 27607 | 2003 XC90 T6 | YV1CM91HX31018850 |

| | | | |
|---|---|---|---|
| 23. | Lori Hoffman<br>P.O. Box 182<br>Londonderry, Vermont  05148 | 2005 XC90 T6 | YV1CM911551143261 |
| 24. | Thomas L. Houghtling<br>15990 Tippecanoe Street, NE<br>Ham Lake, Minnesota  55403 | 2005 XC90 T6 | YV1C2911251134387 |
| 25. | William R. Hutchinson<br>Eloyse M. Hutchinson<br>6574 NE Tara Lane<br>Bainbridge Island, Washington  98110 | 2004 XC90 T6 | YV1CM91HX41125740 |
| 26. | Travis Koberg<br>6120 Emmett Gurds Court<br>Fairfax Station, Virginia  22039 | 2004 XC90 T6 | YV1CZ91H341123880 |
| 27. | Michael W. Konken<br>5901 Yukon Court<br>Apt. D<br>Arvada, Colorado  80004 | 2004 XC90 T6 | YV1CZ91H241097465 |
| 28. | Matthew Robert Lodowski<br>Alba Dagny Lodowski<br>1306 Knox<br>Houston, Texas  77007 | 2004 XC90 T6 | YV1CZ91H641128930 |
| 29. | Marisa Manley<br>81 Greens Farms Road<br>Westport, Connecticut  06880 | 2004 XC90 T6 | YV1CZ91H841083120 |
| 30. | Katharine S. Mayer<br>3135 Briarwood Boulevard<br>Grand Island, Nebraska  68801 | 2004 XC90 | YV1C2914441098343 |
| 31. | Rachelle Neilson<br>1144 W 1850 S<br>Woods Cross, Utah  84087 | 2005 XC90 T6 | YV1CZ911951136606 |
| 32. | Angelo Marzocchi Jr.<br>5 Valley Stream Drive<br>Cumberland, Rhode Island  02864 | 2003 XC90 T6 | YV1CM91H931020041 |
| 33. | David J. Medow<br>Barbara Sue Bernstein<br>3643 N. Janssen<br>Chicago, Illinois  60613 | 2004 XC90 | YV1CZ91H641054554 |

| 34. | Heather Miller<br>4200 SW 107th Avenue<br>Apartment 3801<br>Beaverton, Oregon  97005 | 2003 XC90 T6 | VY1CZ91H231004748 |
|---|---|---|---|
| 35. | Tara Pajoum<br>P.O. Box 413<br>Pacific Palisades, California 90272 | 2005 XC90 T6 | YV1CZ911X51136694 |
| 36. | Andrew Woodall Parmelee<br>281 High Street<br>Hingham, Massachusetts  02043-3357 | 2003 XC90 | YV1CM91H841064484 |
| 37. | Amanda Pascatore<br>217 Kingsboro Road<br>Rochester, New York 14619 | 2005 XC90 T6 | YV1CZ911251142988 |
| 38. | Ashwin Patel<br>2431 Emerald Trail<br>Minnetonka, Minnesota  55305 | 2004 XC90 T6 | YV1CZ911451141776 |
| 39. | Stacey Renee Rings<br>3682 W. Loxton Loop<br>Coeur d'Alene, Idaho  83815 | 2005 XC90 | YV1CZ911X51151244 |
| 40. | Kaj Robert Savenius<br>3925 Lakeshore Drive<br>Marietta, GA  30067 | 2004 XC90 T6 | YV1CZ91H741067488 |
| 41. | David Schwartz<br>8140 Pershing Avenue<br>Saint Louis, Missouri  63105 | 2004 XC90 | YV1CZ91H941123981 |
| 42. | Gregory Scott Smith<br>634 4H Camp Road<br>Fayetteville, West Virginia 25840-5915 | 2003 XC90 | YV1CZ91H131014669 |
| 43. | Matthew Vaggione<br>121 Vine Street<br>Unit 1407<br>Seattle, WA  98121 | 2004 XC90 | YV1CZ91H341077547 |
| 44. | Kimie M. Wantz<br>1235 Barlow Two Taverns Road<br>Gettysburg, Pennsylvania  17325 | 2004 XC90 T6 | YV1CM91H141108972 |

5

| | | | |
|---|---|---|---|
| 45. | Richard C. Wells<br>1402 Borah Avenue<br>Moscow, Idaho 83843 | 2003 XC90 T6 | YV1CM91H931019827 |
| 46. | Shanie Young<br>7024 Meadowview Terrace<br>North Richland Hills, Texas 76182 | 2005 XC90 T6 | YV1CZ911X51150224 |
| 47. | Xiaolan Zhang<br>2201 W. Lake Sammamish Parkway, NE<br>Redmond, Washington 98052 | 2003 XC90 T6 | YV1CZ91HX31006490 |